**In re the Petition for DISCIPLINARY ACTION AGAINST Thomas B. JAMES, an Attorney at Law of the State of Minnesota.**

No. CX–90–251.

Supreme Court of Minnesota.

July 13, 1990.

**ORDER**

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Thomas B. James has committed professional misconduct warranting public discipline. In his petition, the Director alleges six separate counts of misconduct, each of which describes violations of one or more rules of professional conduct. The misconduct alleged by the Director includes, but is not limited to the following: respondent's neglect of client matters; respondent's failure to communicate with clients about matters entrusted to respondent; respondent's failure to appear at scheduled hearings; respondent's failure to deposit client funds in a separate trust account; respondent's use of unearned retainer fees; respondent's numerous misrepresentations to clients and to the court; and respondent's failure to cooperate with the Director's Office in its investigation of this matter.

After the petition had been filed, but before the referee commenced his hearing in this matter, respondent entered into a stipulation with the Director for transfer to disability inactive status. In the stipulation, the respondent and the Director state that respondent's psychological condition at the present time is such that he is not able to engage in the practice of law. Respondent apparently has been diagnosed as suffering from a major depressive disorder which interferes with his ability to work. Respondent and the Director state in the stipulation, however, that respondent's disorder does not interfere with respondent's capacity to understand the terms of the stipulation and the waiver of rights contained therein.

In the stipulation, respondent waives all of his procedural rights provided in Rule 28 of the Rules on Lawyers Professional Responsibility. Respondent also agrees and acknowledges that the allegations of the petition for disciplinary action may be considered and heard by this court as a part of any reinstatement proceeding. Finally, respondent joins with the Director in recommending his immediate transfer to disability inactive status pursuant to Rule 28, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Thomas B. James, hereby is transferred to disability inactive status pursuant to Rule 28 of the Rules on Lawyers Professional Responsibility.

2. That while on such disability inactive status, respondent shall not render legal advice or discuss legal matters with clients, including his former clients.

3. That further formal disciplinary proceedings shall be held in abeyance until such time as respondent petitions for reinstatement.

4. That respondent shall not be reinstated to the practice of law until after this court has conducted a hearing pursuant to Rules 18 and 28, Rules on Lawyers Professional Responsibility.

5. That respondent shall not be reinstated pursuant to Rules 18 and 28, Rules on Lawyers Professional Responsibility, until this court has considered the allegations of the January 31, 1990, petition for disciplinary action filed by the Director.

6. That respondent shall cooperate with the Director's Office in arranging for the return of files to respondent's clients and the refund of any unearned retainers paid by respondent's clients.